UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK JONATHAN GUARDADO DURAN (A#222-557-149),<br><br>Petitioner,<br><br>v.<br><br>CALEB VITELLO, et al.,<br><br>Respondents. | No. 1:26-cv-06662-DJC-SCR<br><br><u>FINDINGS & RECOMMENDATIONS</u> |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. He is proceeding pro se. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1). ECF No. 7.

**I. Factual and Procedural History**

Petitioner is a native and citizen of El Salvador who lawfully entered the United States on July 30, 2016 as a temporary non-agricultural worker. ECF No. 9-1 at 1 (I-213 Form). He overstayed his visa which expired on November 10, 2016. ECF No. 9-2 at 1 (Notice to Appear). Petitioner has no criminal record and is not subject to a final administrative order of removal to El Salvador. ECF No. 1.

He was arrested by Immigration and Customs Enforcement on April 29, 2026 and charged with being removable for overstaying his visa in violation of Section 237(A)(1)(B) of the Immigration and Nationality Act. <u>See</u> ECF No. 9-1 at 2. He was additionally charged with being

removable for not being admitted or paroled after inspection by an immigration officer and for not possessing a valid visa. ECF No. 9-2 at 4; see also INA §§ 212(a)(6)(A)(i), 212(a)(7)(A)(i)(I). Petitioner is currently detained at the California City Detention Facility located in this judicial district.

This is Petitioner's second § 2241 action challenging his immigration detention. On June 15, 2026, he filed the earlier action, Case No. 1:26-cv-04595-DCJ-SCR. The Court appointed counsel for Petitioner. Counsel filed an amended petition and a supplement to a motion for immediate release or bond hearing that Petitioner had filed earlier in the case. After further briefing, on July 14, 2026, the Court granted the petition and ordered Respondents to afford Petitioner a bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations. Case No. 1:26-cv-04595-DCJ-SCR, ECF No. 14. At that bond hearing on July 24, 2026, the IJ denied release based on flight risk. ECF No. 9-3 (IJ Order).

In the instant § 2241 petition, Petitioner contends that his ongoing detention violates the Fifth Amendment due process clause. ECF No. 1 at 6. He highlights the existence of a sponsor who can provide him with a stable residence and the availability of conditions of supervision as a basis for release. Petitioner states he is not asking the Court to reweigh the evidence presented to the IJ. By way of relief, Petitioner requests immediate release.

Respondents assert that the § 2241 petition should be denied because Petitioner has already received the individualized bond hearing that was previously ordered by the Court and to which Petitioner was statutorily entitled pursuant to 8 U.S.C. § 1226(a). ECF No. 9. Additionally, Respondents contend that Petitioner's challenge to the IJ's bond denial should be dismissed without prejudice for failing to exhaust his administrative remedies. ECF No. 9 at 2.

Petitioner filed a reply brief stating that the bond hearing does not automatically moot his habeas claim. ECF No. 10 at 1. In his brief, Petitioner requests the Court to examine whether he received the individualized bond hearing required by § 1226(a). ECF No. 10 at 3.

## II. Detention Authority

Petitioner is detained pursuant to 8 U.S.C. § 1226(a) which "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for

removal." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022). When a noncitizen is arrested and taken into immigration custody pursuant to § 1226(a), ICE makes an initial custody determination, including the setting of bond. See 8 C.F.R. § 236.1(c)(8). After this initial custody determination, the noncitizen may request a bond redetermination by an IJ. 8 C.F.R. § 236.1(d)(1). For each subsequent bond redetermination, the noncitizen's request may be considered "only upon a showing that the [noncitizen]'s circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). The IJ's bond decision is appealable to the Board of Immigration Appeals ("BIA") pursuant to 8 C.F.R. § 1003.19(f).

**III. Analysis**

In this case, Respondents do not dispute that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). The record further establishes that Petitioner received the process to which he was entitled under that statute—a bond hearing before an IJ on July 23, 2026. Petitioner asserts his ongoing detention is not necessary because he has a sponsor and conditions of release can be fashioned to mitigate any risk of flight. However, if those assertions represent a change of circumstances, he can request a new bond hearing under § 1226(a) and its implementing regulations. See Rodriguez Diaz, 53 F.4th at 1195 ("§ 1226(a)'s implementing regulations allow detainees to seek an additional bond hearing before an IJ whenever they experience a material change in circumstances warranting a redetermination of custody status"). Given that a further bond hearing is available at which he can present an argument for release based on a change of circumstances, Petitioner has not shown that due process otherwise requires his release. Moreover, Petitioner has not shown that the IJ committed a legal error that this Court can review. While he "challeng[es] the legality and constitutional adequacy of the process resulting in his continued physical detention," ECF No. 10 at 2, he does not explain what was illegal or inadequate about that process. For all these reasons, the undersigned recommends dismissing the § 2241 petition without prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be dismissed without prejudice as Petitioner has received the statutory relief to which he is entitled.

2. The Clerk of Court be directed to enter judgment for respondents and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 17, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE